**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:   (310) 933-4271
Facsimile:   (310) 889-0645
E-mail:      kjacobson@quillarrowlaw.com

Attorneys for Plaintiff,
**LILI S. POOL**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILI S. POOL, an individual,<br><br>         Plaintiff,<br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

Plaintiff, LILI S. POOL, an individual, alleges as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC"), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## INTRODUCTION

1.     These causes of action arise out of the warranty obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle leased by Plaintiff and for which MERCEDES-BENZ USA, LLC issued a written warranty.

2.     On December 13, 2019, Plaintiff leased a used 2019 Mercedes-Benz A220W, having VIN No. WDD3G4EB9KW001342 ("the Subject Vehicle"). These causes of causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiff leased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

3.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, the engine and electrical system defects.

4.     Plaintiff hereby revokes acceptance of the sales contract.

5.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

6.     Plaintiff is a "buyer" of consumer goods under the Act.

7.     Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

8.     Plaintiff hereby demands trial by jury in this action.

///

**COMPLAINT**

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because amount of recovery sought by Plaintiff exceeds the jurisdictional amount of $75,000.00, and there is complete diversity amongst the parties.

10.      The Subject Vehicle, as reflected in the sales contract, has an approximate value of $34,349.97.  Pursuant to the Song-Beverly Act, Plaintiff is seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiff seeks in the approximate amount of $103,049.91. Plaintiff is also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiff claims meets the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

11.      Complete diversity exists as Plaintiff, LILI S. POOL, is citizen of the State of California.

12.      With respect to Defendant, MERCEDES-BENZ USA, LLC, the citizenship of limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

13.      Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed within are citizens of the state of California. Rather, the Statement of Information expressly indicates a

Georgia address for each listed member. Accordingly, the members of MERECEDES-BENZ USA, LLC'S are citizens of the state of Georgia and not California, as reflected within Section D of the Statement of Information, filed by Defendant on September 15, 2020. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

14.   As such, none of Defendant's members, as a limited liability company, is a citizen of the state of California. Accordingly, there is complete diversity amongst the parties under 28 U.S.C. § 1332. (a) (1), as Plaintiff has now alleged sufficient facts to establish subject matter jurisdiction.[1]

15.   Venue is proper in, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was leased at Mercedes-Benz of Encino, a MERCEDES-BENZ USA, LLC authorized dealership and repair facility, located at 16721 Ventura Blvd., Encino, CA 91436.

16.   Venue is also proper, as Plaintiff, LILI S. POOL, is an individual residing in the City of Pacoima, State of California.

17.   Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is and was a Delaware Limited Liability Company operating and doing business in the State of California

18.   Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure.  Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set

---

[1] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca*, 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

19.   All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

20.   Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

### DEMAND FOR JURY TRIAL

21.   Plaintiff, LILI S. POOL, hereby demands a trial by jury in this action.

### FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

22.   Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

23.   These causes of causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiff leased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

24.   The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine and electrical system defects.

25.   Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

26.     Plaintiff is the "buyer" of consumers goods under the Act.

27.     Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

28.     The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

29.     Plaintiff delivered the vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

30.     Defendant was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

31.     Notwithstanding Plaintiff's entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the used motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

32.     By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

33.     Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

34.     Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

35.     Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

36.     Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the

1  amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to

2  comply with its responsibilities under the Act.

3  **SECOND CAUSE OF ACTION**

4  **Violation of the Song-Beverly Act – Breach of Implied Warranty**

5  37.     Plaintiff incorporates herein by reference each and every allegation

6  contained in the preceding and succeeding paragraphs as though herein fully restated

7  and re-alleged.

8  38.     MERCEDES-BENZ USA, LLC and its authorized dealership at which

9  Plaintiff leased the subject vehicle had reason to know the purpose of the Subject

10  Vehicle at the time of sale of the subject vehicle.  The sale of the Subject Vehicle

11  was accompanied by implied warranties provided for under the law.

12  39.     Among other warranties, the sale of the Subject Vehicle was

13  accompanied by an implied warranty that the Subject vehicle was merchantable

14  pursuant to Civil Code section 1792.

15  40.     The Subject Vehicle was not fit for the ordinary purpose for which such

16  goods are used because it was equipped with one or more defective vehicle

17  systems/components.

18  41.     The Subject Vehicle did not measure up to the promises or facts stated

19  on the container or label because it was equipped with one or more defective vehicle

20  systems/components.

21  42.     The Subject Vehicle was not of the same quality as those generally

22  accepted in the trade because it was sold with one or more defective vehicle

23  systems/components which manifested as engine and electrical system defects.

24  43.     Upon information and belief, the defective vehicle systems and

25  components were present at the time of sale of the Subject Vehicle; thus, extending

26  the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009)

27  174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

28  44.     Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle

1    under Civil Code, section 1794, *et seq.*

2        45.    Plaintiff hereby revokes acceptance of the Subject Vehicle.

3        46.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil

4    Code, section 1794, *et seq.*

5        47.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code,

6    section 1794, *et seq.* and Commercial Code, section 2711.

7        48.    Plaintiff is entitled to recover any incidental, consequential, and/or

8    "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code,

9    section 1794, *et seq.*

10                          **THIRD CAUSE OF ACTION**

11              **Violation of the Song-Beverly Act Section 1793.2(b)**

12        49.    Plaintiff incorporates herein by reference each and every allegation

13    contained in the preceding and succeeding paragraphs as though herein fully restated

14    and re-alleged.

15        50.    Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer

16    that sells consumer goods in California, for which it has made an express warranty,

17    shall maintain service and repair facilities or designate and authorize independent

18    service and repair facilities to carry out the terms of those warranties.

19        51.    Pursuant to Civil Code, section 1793.2, subdivision (b), when service

20    and repair of goods are necessary because they do not conform with the applicable

21    express warranties, service and repair shall be commenced within a reasonable time

22    by the manufacturer or its representative.

23        52.    Civil Code, section 1793.2, subdivision (b) further states that goods

24    shall be serviced or repaired so as to conform to the applicable warranties within 30

25    days and/or within a reasonable time.

26        53.    The sale of the Subject Vehicle was accompanied by express warranties,

27    including a warranty guaranteeing that the subject vehicle was safe to drive and not

28    equipped with defective parts, including the engine and electrical system defects.

54.     Plaintiff delivered the subject vehicle to MERCEDES-BENZ USA, LLC's authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

55.     Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and MERCEDES-BENZ USA, LLC has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

56.     Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq.*

57.     Plaintiff hereby revokes acceptance of the subject vehicle.

58.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

59.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

60.     Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

61.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq.* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

62.     Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that MERCEDES-BENZ USA, LLC has willfully failed to comply with its responsibilities under the Act.

## **PRAYER FOR RELIEF**

1. For general, special, and actual damages according to proof at trial;

2. For recission of the purchase contract and restitution of all monies expended;

3. For diminution in value;

4. For incidental and consequential damages according to proof at trial;

5.  For civil penalty in the amount of two times Plaintiff's actual damages;

6.  For prejudgment interest at the legal rate;

7.  For reasonable attorneys' fees and costs of suit; and

8.  For such other and further relief as the Court deems just and proper under the circumstances.

Dated:   <u>January 11, 2022</u>

                                                          **QUILL & ARROW, LLP**

                                                       Kevin Y. Jacobson, Esq.

                                                       Attorney for Plaintiff,

                                                       **LILI S. POOL**

**COMPLAINT**