1
2
3
4
5

**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:   (310) 933-4271
Facsimile:   (310) 889-0645
E-mail:      kjacobson@quillarrowlaw.com

6
7

Attorneys for Plaintiff,
**LILI S. POOL**

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

LILI S. POOL, an individual,

　　　　　　Plaintiff,
　　vs.

MERCEDES-BENZ USA, LLC, a
Delaware Limited Liability
Company,

　　　　　　Defendants.

Case No.: 2:22-cv-00215-JFW-GJSx

**FIRST AMENDED COMPLAINT**

1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**
2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**

20
21
22
23
24
25
26
27
28

Plaintiff, LILI S. POOL, an individual, alleges as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC"), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## **INTRODUCTION**

1.     These causes of action arise out of the warranty obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle leased by Plaintiff and for which MERCEDES-BENZ USA, LLC issued a written warranty.

2.     On December 13, 2019, Plaintiff leased a used 2019 Mercedes-Benz A220W, having VIN No. WDD3G4EB9KW001342 ("the Subject Vehicle"). The Gross Capitalized Cost for the Subject Vehicle is $33,254.97 These causes of causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiff leased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

3.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, the engine and electrical system defects.

4.     Plaintiff hereby revokes acceptance of the sales contract.

5.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

6.     Plaintiff is a "buyer" of consumer goods under the Act.

7.     Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

8.     Plaintiff hereby demands trial by jury in this action.

**FIRST AMENDED COMPLAINT**

**Plaintiff's Repair History of the Subject Vehicle**

9. The following is a summary of some pertinent portions of the repair visits for the Subject Vehicle.

10. On or about July 2, 2020, with approximately 18,523 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Encino, because the right front and rear Supplemental Restraint System ("SRS") (airbag light) malfunction warning lights were illuminated. Defendant's technician confirmed Plaintiff's complaint and found the SRS control module has an electrical fault, the right rear emergency tensioning retractor has a malfunction, there are open circuits, and various fault codes. Defendant's technician replaced the SRS module and performed software updates. The Subject Vehicle was out of service for approximately 5 days during this repair attempt.

11. On or about April 21, 2021, with approximately 21,050 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Encino, because the battery warning light is illuminated and does not shut off. Defendant's technician verified Plaintiff's complaint and found excessive resistance and Diagnostic Trouble Code ("DTC") B1F4500. The technician replaced the starter battery as well as the main battery, and cleared all codes. The Subject Vehicle was out of service for approximately 2 days during this repair attempt.

12. None of the aforementioned repair attempts successfully repaired the Subject Vehicle, including the ongoing electrical defects.

13. Thereafter, Plaintiff continued to experience symptoms of the various defects despite Defendant's representation that the Subject Vehicle was repaired.

14. Defendant was under an affirmative duty under the Song-Beverly Consumer Warranty Act to promptly offer to repurchase or replace the Subject Vehicle as soon as it failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.

15.     Despite having no obligation to do so, prior to filing this lawsuit, Plaintiff contacted Defendant MERCEDES-BENZ USA, LLC directly and requested a repurchase of the Subject Vehicle due to the ongoing issues that Defendant and its authorized repair facilities could not repair to conform to the terms of its written warranties within a reasonable number of repair opportunities. On or about August 18, 2021, Defendant denied Plaintiff's request.[1]

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because amount of recovery sought by Plaintiff exceeds the jurisdictional amount of $75,000.00, and there is complete diversity amongst the parties.

17.     The Subject Vehicle, as reflected in the sales contract, has an approximate value of $34,349.97.  Pursuant to the Song-Beverly Act, Plaintiff is seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiff seeks in the approximate amount of $103,049.91. Plaintiff is also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiff claims meets the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

18.     Complete diversity exists as Plaintiff, LILI S. POOL, is citizen of the State of California.

19.     With respect to Defendant, MERCEDES-BENZ USA, LLC, the citizenship of limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1021-22

---

[1] "A manufacturer's duty to replace a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. *Krotin v. Porsche Cars North America, Inc.*, 38 Cal.App.4th 294, 301-302 (1995). *Krotin* court noted that "[a]n automobile manufacturer need not read minds to determine which vehicles are defective; it need only read dealers' services records." *Id.* at 303.

(11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

20.    Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed within are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of MERCEDES-BENZ USA, LLC'S are citizens of the state of Georgia and not California, as reflected within Section D of the Statement of Information, filed by Defendant on September 15, 2020. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

21.    As such, none of Defendant's members, as a limited liability company, is a citizen of the state of California. Accordingly, there is complete diversity amongst the parties under 28 U.S.C. § 1332. (a) (1), as Plaintiff has now alleged sufficient facts to establish subject matter jurisdiction.[2]

22.    Venue is proper in, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was leased at Mercedes-Benz of Encino, a MERCEDES-BENZ USA, LLC authorized dealership and repair facility, located at 16721 Ventura Blvd., Encino, CA 91436.

23.    Venue is also proper, as Plaintiff, LILI S. POOL, is an individual residing in the City of Pacoima, State of California.

---

[2] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca*, 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

24.     Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is and was a Delaware Limited Liability Company operating and doing business in the State of California

25.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure.  Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

26.     All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

27.     Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## DEMAND FOR JURY TRIAL

28.     Plaintiff, LILI S. POOL, hereby demands a trial by jury in this action.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Express Warranty

29.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

30.     These causes of causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiff leased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The

warranty was not issued by the selling dealership.

31.   The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine and electrical system defects.

32.   Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

33.   Plaintiff is the "buyer" of consumers goods under the Act.

34.   Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

35.   The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

36.   Plaintiff delivered the vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities. (¶¶ 9-15.)

37.   Defendant was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

38.   Notwithstanding Plaintiff's entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the used motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

39.   By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

40.   Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

41.     Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

42.     Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

43.     Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

44.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

45.     MERCEDES-BENZ USA, LLC and its authorized dealership at which Plaintiff leased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the subject vehicle.  The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

46.     Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

47.     The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

48.     The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle

**FIRST AMENDED COMPLAINT**

systems/components.

49.   The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as engine and electrical system defects.

50.   Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

51.   Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*.

52.   Plaintiff hereby revokes acceptance of the Subject Vehicle.

53.   Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

54.   Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

55.   Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

///
///
///
///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT**

## **PRAYER FOR RELIEF**

1. For general, special, and actual damages according to proof at trial;

2. For recission of the purchase contract and restitution of all monies expended;

3. For diminution in value;

4. For incidental and consequential damages according to proof at trial;

5. For civil penalty in the amount of two times Plaintiff's actual damages;

6. For prejudgment interest at the legal rate;

7. For reasonable attorneys' fees and costs of suit; and

8. For such other and further relief as the Court deems just and proper under the circumstances.


Dated:   March 3, 2022

**QUILL & ARROW, LLP**

Kevin Y. Jacobson, Esq.
Attorney for Plaintiff,
**LILI S. POOL**

**FIRST AMENDED COMPLAINT**